No. 27,759.

THE DALTON ADDING MACHINE SALES COMPANY, *Appellant,* v. V. B. CROWDER, *Appellee.*

(266 Pac. 747.)

Opinion filed May 5, 1928.

*Leo T. Gibbens,* of Scott City, for the appellant.
*Ed R. Bane,* of Scott City, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action on a verified account. The Dalton Adding Machine Sales Company sold to V. B. Crowder an adding machine for $175. About the time the sale was made, on November 1, 1924, Crowder paid $25 thereon, and he made two other payments of $25 each, one on March 26, 1925, and another on October 14, 1925. It appears that on January 13, 1925, the plaintiff exchanged the machine first delivered for another of the same kind, which the defendant accepted. Thereafter and within a year defendant made two payments on the obligation, but no further payments having been made, this action was brought to recover $100 and the accrued interest.

The defendant answered admitting the purchase made and the payments with which he was credited by plaintiff, and then alleged that plaintiff had asked him for the use of the machine in order to demonstrate the make and character of it to another who had in view the purchase of an adding machine, and that he had permitted the agent to take it and that he was not liable for further payment. When the case was called for trial the plaintiff made an opening statement, reciting the averments of the bill of particulars, the verified account, the exchange of machines and the subsequent partial payments and stating that on proof of these facts he would expect a judgment for $100 and the interest due on the claim. Defendant thereupon asked for judgment on the plaintiff's bill of particulars and its opening statement. His motion was sustained and judgment rendered in his favor. No reason is seen to support the ruling. It is suggested rather than argued that the amended bill of particulars was a departure which warranted the entry of judgment. The only amendment made was the averment relating to the exchange of machines after the sale was made. This amendment was interlined as explanatory of the claim made by defendant that an exchange had been made. It did not change the form or nature of the action and is not an approach to a departure. The suit remained an action on the contract of sale which was complete when the sale was made long before the exchange was made. The exchange did not cancel the obligation which arose when the sale was made. Defendant was at liberty to trade his machine with plaintiff or anyone else for another machine, but the fact that an exchange was made did not relieve him from liability under his contract. He may not

have made a good bargain in the exchange, and if he was defrauded in the transaction it might have been set up as a matter of defense, but no such a defense was pleaded. The plaintiff had stated a cause of action and made an opening statement to the effect that it proposed to establish its claim by proof, and it had made no statements which would defeat the action. The fact that defendant may have a defense to the action did not warrant the court in shutting out proof of plaintiff's account and in ordering judgment for defendant. There is a suggestion that the court has no jurisdiction of the appeal on the ground that the amount involved does not exceed $100, citing R. S. 60-3303. That statute provides that no appeal may be had unless the amount in controversy exceeds $100 exclusive of costs, except in certain kinds of actions not material here. The plaintiff asked for $100 and the interest thereon for a period, and hence the amount involved is greater than the prescribed limit. The judgment is reversed and the cause remanded for a new trial.